IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. FISHER, MYRTLE HUMPHREY, ANTONIO GABARA, and MICHELLE GABARA, | ) ) ) ) ) | Case No. 8:07CV378 |
| Plaintiffs, vs | ) ) ) | **MEMORANDUM AND ORDER** |
| TERRY GOYNES, JAMES W. McKENZIE, DANIEL J. MARRS, and ROBERT P. HOUSTON, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court upon the plaintiffs' motion for a temporary restraining order ("TRO"). (Filing 3.) The motion will be denied.

As a preliminary procedural matter, I note that the complaint and the motion for a temporary restraining order are signed by only one plaintiff, James L. Fisher, who appears pro se. Mr. Fisher is not permitted to represent the other plaintiffs, who include his sister, Myrtle Humphrey, his infant son, Antonio Gabara,[1] and the boy's mother, Michelle Gabara. *See McCaslin by McCaslin v. Radcliff*, 168 F.R.D. 249, 255-56 (D.Neb. 1996) (a pro se litigant has no right to have a person who is not a lawyer act in the capacity of a lawyer for the litigant; the unauthorized practice of law is a crime in the State of Nebraska), *aff'd* 141 F.3d 1169 (8th Cir. 1998). These additional plaintiffs will be dismissed from the action. I next examine the substance of the TRO motion.

---

[1] A suit by an infant must be brought by a guardian or next friend, *see* Neb. Rev. Stat. § 25-307, but Mr. Johnson does not purport to act in either of these capacities, nor has he alleged any facts showing that he has standing to bring suit as a guardian or next friend of Antonio Gabara.

The plaintiff alleges that he completed serving a sentence for a Nebraska first-degree sexual assault conviction in September 2006, but that he has been placed on lifetime supervised release. He challenges the legality of the supervised release, and, in the TRO motion, demands an immediate discharge.

In *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court, sitting *en banc*, clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase*, 640 F.2d at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).

> At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . .
>
> . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

*Dataphase*, 640 F.2d at 113.

I believe that the *Dataphase* case should be applied to temporary restraining order situations. That said, and emphasizing that my mind may be changed by a better developed record and briefing, I find and conclude that the *Dataphase* factors

-2-

<u>do not favor</u> the plaintiff to a degree sufficient to warrant issuance of a temporary restraining order. Indeed, without going into detail, I am unable to find that any factor favors the plaintiff.

Accordingly,

IT IS ORDERED that:

1. The plaintiffs Myrtle Humphrey, Antonio Gabara, and Michelle Gabara are dismissed from the action.

2. The motion (filing 3) for a temporary restraining order is denied.

September 25, 2007.                    BY THE COURT:

                                       *s/Richard G. Kopf*
                                       United States District Judge