IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. FISHER, | ) | Case No. 8:07CV378 |
| MYRTLE HUMPHREY, and | ) | |
| MICHELLE GABARA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TOVEY GOYNES, | ) | |
| JAMES W. McKENZIE, | ) | |
| DANIEL J. MARRS, and | ) | |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Defendants. | ) | |

     On March 11, 1994, James L. Fisher, was sentenced by the District Court of Douglas County, Nebraska, to serve 15 to 25 years in prison after entering a plea of no contest to a charge of first degree sexual assault on a child. Fisher alleges that he completed serving his sentence on September 8, 2006, but that the day before his scheduled release from prison, he was notified that he would be subject to lifetime community supervision under Neb. Rev. Stat. § 83-174.03, which became effective on July 14, 2006. Fisher claims that he did not receive timely notice of the lifetime supervised release, that the statute by its own terms does not apply to his conviction, and that if the statute does apply, it is unconstitutional. Fisher also complains that he was not released from custody on September 8, 2006, but instead was transported to the Nebraska Department of Correctional Services' Diagnostic and Evaluation Center, and was held at that facility until October 5, 2006, when he was determined not to be a dangerous sex offender. Joining Fisher as plaintiffs in this action are his sister, Myrtle Humphrey, and his fiancé, Michelle Gabara. Fisher currently lives with Humphrey and is the father of a young child born to Gabara while Fisher was still a prisoner. All plaintiffs appear pro se.

Now pending before the court are three motions:[1] (1) filing 16, a motion filed by Fisher requesting leave to file a second amended complaint to add the child as a plaintiff; (2) filing 14, a motion filed by Fisher requesting, for the third time, that the court enter a temporary restraining order to prevent enforcement of all conditions of his lifetime supervised release; and (3) filing 12, a motion filed by two defendants, Tovey Goynes and Daniel J. Marrs, a/k/a Ryan J. Mahr,[2] to dismiss the plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5), and (6). Fisher's two motions will be denied. The defendants' motion will be granted in part and denied in part.

As the court previously explained when dismissing sua sponte Fisher's minor child as a plaintiff, a suit by an infant must be brought by a guardian or next friend. *See* Neb. Rev. Stat. § 25-307. Fisher's motion states that "Plaintiffs amended the complaint to indicate that Plaintiff Michele (sic) Gabara is the legal guardian of Plaintiff Antonio Gabara." Because Fisher does not purport to be the child's legal guardian, he is not the proper party to file the motion for leave to amend. As also explained previously, Fisher cannot file a motion for Gabara (or Reynolds). *See McCaslin by McCaslin v. Radcliff*, 168 F.R.D. 249, 255-56 (D.Neb. 1996) (a pro se litigant has no right to have a person who is not a lawyer act in the capacity of a lawyer for the litigant; the unauthorized practice of law is a crime in the State of Nebraska), *aff'd* 141 F.3d 1169 (8th Cir. 1998). Fisher's motion for leave to file a second amended complaint therefore will be denied.

---

[1] A fourth pending motion, filing 15, will be ordered stricken from the court file as duplicative of filings 14 and 16. Pages 3 and 4 of filing 15 are also identical in content to filings 3 and 8 (requesting the issuance of a temporary restraining order).

[2] Although the complaint and amended complaint list Daniel J. Marrs as a defendant, summons was issued for service on Ryan J. Mahr at the Community Corrections Center of Omaha.

The court considered and denied a motion for a temporary restraining order on September 24, 2007, the day after this case was filed. The court did not describe in detail the reasons for its ruling, but generally found that none of the *Dataphase* factors favored the plaintiff.[3] The motion was renewed on September 25, 2007, and was again promptly denied by the court. Fisher has now expanded upon the motion, but has failed to demonstrate that the court's prior rulings were erroneous or should be modified because of newly discovered evidence or new law. *See* NECivR 60.1(c) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."). *See also* NECivR 60.1(d) ("A party may file only one (1) motion for reconsideration of a particular order, even if the court modifies the order or changes the language in the order.").

The final matter before the court is the motion to dismiss filed by Goynes and Mahr. Goynes is identified in the pleadings as Fisher's "community supervision officer," and he has filed the motion to dismiss in his official capacity only. Mahr is not specifically identified in the pleadings, but he likewise has moved to dismiss the amended complaint in his official capacity only. It is assumed that both of these defendants are employed by the State of Nebraska.

The defendants first argue that subject matter jurisdiction is lacking. To the extent that the plaintiffs seek to recover damages from the defendants in their official capacities, this is correct. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir.1999) ("A claim for damages against a state employee in his official capacity

---

[3] These factors include: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc).

is barred under the Eleventh Amendment.") (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, (1989)). However, "[a] State's Eleventh Amendment immunity 'does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, provided that such officer [has] some connection with the enforcement of the act.'" *Missouri Protection and Advocacy Services, Inc. v. Carnahan*, 499 F.3d 803, 807 (8th Cir. 2007) (quoting *Reprod. Health Servs. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir.2005)). Liberally construed, the amended complaint in this case seeks not only money damages from the defendants in their official capacities, but also prospective injunctive relief. Therefore, the defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), will be granted only in part (*i.e.*, with respect to official-capacity claims for money damages).

The amended complaint <u>cannot</u> be construed to allege any claim against the defendants in their individual capacities, which might permit the plaintiffs to recover money damages. This is because the Eighth Circuit has "repeatedly stated the general rule: 'If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims.' *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir.1995); *see Nix. v. Norman*, 879 F.2d 429, 431 (8th Cir.1989). 'If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.' *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir.1998)." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Because the amended complaint in this case is silent about the capacity in which the defendants are being sued, they are sued only in their official capacities.

The court on its own motion will grant the plaintiffs leave to file a second amended complaint for the limited purpose of stating that any or all of the defendants are sued both in their official and their individual capacity. If a second amended complaint is filed by the plaintiffs, the capacity in which each defendant is sued

should be specifically stated in the case caption and also in the body of the pleading. The plaintiffs are <u>not</u> granted leave to make any other changes to the pleading, such as adding parties. If the plaintiffs elect to file a second amended complaint to sue any defendant in his individual capacity, they will also need to serve a new summons on the defendant in his individual capacity.

The defendants next argue that they have not been properly served in their official capacities. In this regard, the record shows that summonses were issued for service on Goynes and Mahr at their workplaces in Lincoln and Omaha. However, under Nebraska law, when a state employee is sued in his or her official capacity, the summons must be served at the office of the Nebraska Attorney General. *See* Neb. Rev. Stat. § 25-510.02. The defendants' motion to dismiss will be granted pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5) without prejudice to the plaintiffs effecting service upon the official-capacity defendants in the manner required by Nebraska law. Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiffs have 120 days from the filing of the original complaint (*i.e.*, until January 22, 2008) to complete such service.

Finally, the defendants argue that the amended complaint fails to state a claim upon which relief can be granted. Because the court has determined that Goynes and Mahr have not been sued in their individual capacities,[4] and have not been properly served in their official capacities, these arguments made with reference to Federal Rule of Civil Procedure 12(b)(6) will not be considered at this time.

Accordingly,

---

[4] Even though the defendants state that their motion to dismiss is filed only in their official capacities, some arguments advanced in their brief (*e.g.*, the defense of qualified immunity) pertain only to individual-capacity claims.

IT IS ORDERED that:

1. Filing 12, the motion to dismiss filed by Defendants Tovey Goynes and Daniel J. Marrs, a/k/a Ryan J. Mahr, in their official capacities only, is granted in part and denied in part, as follows:

    a. All claims for money damages against these official-capacity defendants are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction;

    b. Plaintiffs' action is dismissed without prejudice against these official-capacity defendants, pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5), for lack of proper service; and

    c. In all other respects, the motion to dismiss is denied.

2. On the court's own motion, plaintiffs are granted leave to file a second amended complaint, on or before December 31, 2007, for the limited purpose of stating that any or all defendants are sued both in their official and their individual capacity.

3. The clerk of the court is directed to establish 2 pro se case management deadlines in this matter using the following text: (1) "December 31, 2007: deadline for filing second amended complaint." (2) "January 22, 2008: deadline for effecting service."

4. Filing 14, Plaintiff James Fisher's amended motion for a temporary restraining order, is denied.

5. Filing 15 is stricken as duplicative of filings 3, 8, 14, and 16.

6. Filing 16, Plaintiff James Fisher's motion for leave to file a second amended complaint, is denied.

December 14, 2007.                              BY THE COURT:
                                                *s/Richard G. Kopf*
                                                United States District Judge