IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. FISHER, et al., | ) | 8:07CV378 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **ORDER** |
| | ) | |
| TOVEY GOYNES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (filing no. 23), and Plaintiff's Motion in Opposition to Motion to Dismiss and Enlargement of Time for Service (filing no. 30).

In their motion, Defendants argue that Plaintiff's Second Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff failed to effect service of process on Defendants in either their official or individual capacities by January 22, 2008. In response to Defendants' Motion, Plaintiff states that he has made various attempts to serve Defendants in their individual capacities, but has had trouble identifying the correct address at which to serve Defendants. Plaintiff further states that he has now served all Defendants by certified mail in accordance with Neb.Rev.Stat. § 25-505.01.

However, the returned summons forms (filing nos. 25, 26, 27, & 28) do not appear properly executed. While the summons forms are complete, the portion of the certified mail form that should be signed by the person receiving the summons is signed by Plaintiff. Moreover, on the return of service portion of the summons forms, Plaintiff checked that the summonses were returned unexecuted. (*See* Filing Nos. 25, 26, 27, & 28.) Additionally, Plaintiff filed a document titled "Proof of Service" and attached a certified mail return receipt mailed to the Attorney General's

Office. While this certified mail return receipt was properly signed by the party receiving the certified mail, it was not attached to the return of Summons form.

From Plaintiff's submissions, it is clear that Plaintiff is making efforts to properly serve Defendants. Therefore, Defendants' Motion to Dismiss for failure to effect service is denied. Plaintiff shall have an additional 30 days to properly serve Defendants.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (filing no. 23) is denied.

2. Plaintiff's Motion in Opposition to Motion to Dismiss and Enlargement of Time for Service (filing no. 30) is granted. Plaintiff shall have 30 days from the date of this order to serve Defendants in their individual and official capacities.

3. The Clerk of the court is directed to send Plaintiff FIVE new summons forms (for service on Defendants in their individual and official capacities).

4. The Clerk of the court is directed to set a pro se case management deadline using the following language: Service of summons due by March 6, 2008.

February 6, 2008.         BY THE COURT:

                          *s/Richard G. Kopf*
                          United States District Judge