IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES L. FISHER, ) | Case No. 8:07CV378 |
| MYRTLE HUMPHREY, and ) | |
| MICHELLE GABARA, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| TOVEY GOYNES, ) | |
| JAMES W. McKENZIE, ) | |
| DANIEL J. MARRS, and ) | |
| ROBERT P. HOUSTON, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' "motion to dismiss or strike plaintiffs' second amended complaint" (filing 41) and on the "motion for default judgment" (filing 43) filed by one of the plaintiffs, James L. Fisher. The defendants' motion will be granted in part and denied in part. Fisher's motion will be denied.

This pro se case was commenced on September 24, 2007. An amended complaint was filed after the court noted, when ruling on a motion for temporary restraining order, that the original complaint had not been signed by all plaintiffs. The defendants, appearing in their official capacities only, moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5), and (6). On December 14, 2007, the court entered an order which (1) pursuant to Rule 12(b)(1), dismissed all official-capacity claims for money damages for lack of subject matter jurisdiction; (2) pursuant to Rule 12(b)(2) and (5), dismissed the plaintiffs' action without prejudice for lack of proper service; and (3) on the court's own motion, granted the plaintiffs leave to file a second amended complaint for the limited purpose of stating that any or all defendants are sued both in their official and their


individual capacity. The plaintiffs were advised in the order that their deadline for filing the second amended complaint was December 31, 2007 (later extended to January 7, 2008), and that their deadline under Federal Rule of Civil Procedure 4(m) for effecting service of process was January 22, 2008. The second amended complaint was filed on January 7, 2008, but summonses were not requested or issued until January 22, 2008. On January 23, 2008, the defendants, appearing in both their individual and official capacities, moved to dismiss the second amended complaint pursuant, once again, to Rule 12(b)(1), (2), (5), and (6). The defendants' motion was denied on February 6, 2008, and the plaintiffs were granted more time, until March 6, 2008, to serve the defendants in their individual and official capacities. Returns of service were filed by Fisher on February 21, 2008. On March 5, 2008, the defendants requested, and the clerk of the court granted, a 30-day extension to file an answer or a motion pursuant to Federal Rule of Civil Procedure 12(b) or (e). The defendants' pending motion was filed on April 4, 2008.

    I first consider the defendants' motion to strike the second amended complaint for the plaintiff's alleged failure to comply with the court's order of December 14, 2007. As stated above, the plaintiffs were "granted leave to file a second amended complaint . . . for the limited purpose of stating that any or all defendants are sued both in their official and their individual capacity." (Filing 17, at CM/ECF p. 6.) The plaintiffs were cautioned by the court that they were "not granted leave to make any other changes to the pleading, such as adding parties." (Filing 17, at CM/ECF p. 5 (emphasis in original).) The defendants contend that the plaintiffs "have made numerous and substantial changes" to their pleading because they "now allege[] violations of . . . the First, Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution and the Due Process and Equal Protection Clauses of the Nebraska Constitution" and "make specific allegations against the various Defendants." (Filing 42, at CM/ECF pp. 2, 14.) While there are obvious differences between the first and second amended complaints, the same constitutional provisions are referenced in each complaint (including some provisions not identified by the

defendants), and the defendants have not shown that they are prejudiced by the specific allegations now made against them. In any event, the defendants' motion to strike is untimely under Federal Rule of Civil Procedure 12(f). The defendants were only granted an extension of time to file an answer under Federal Rule of Civil Procedure 12(a), a Rule 12(b) motion to dismiss, or a Rule 12(e) motion for a more definite statement. The motion to strike therefore will be denied.

The plaintiffs have not responded to the defendants' motion except by means of a motion for default judgment that Fisher filed on May 30, 2008. This motion is based on an erroneous notion that the defendants were required to file an answer by April 4, 2008. Even though the clerk's text entry granting the defendants' motion for an extension of time states "answer due 4/4/2008," the motion specifically requested a 30-day extension "to answer or file a motion under Fed. R. Civ. P. 12(b) or (e)." (Filing 39, at CM/ECF p. 1.) Our local rules authorize the entry of such an order by the clerk. *See* NECivR 6.1(a)(1). Fisher's motion therefore will be denied.

Turning to the defendants' motion to dismiss, I first take up the jurisdictional issue. I have previously held that subject matter jurisdiction is lacking in this case to the extent that the plaintiffs seek to recover damages from the defendants in their official capacities. (Filing 17, at CM/ECF p. 3.) Liberally construing the amended complaint, however, I also held that official-capacity claims are within the court's jurisdiction to the extent that they seek prospective injunctive relief. (Filing 17, at CM/ECF p. 4.) I now make the same rulings with respect to the second amended complaint and dismiss the official-capacity claims only to the extent that the plaintiffs seek to recover money damages.

The defendants contend that they have not been properly served in their individual capacities because the summonses were sent by certified mail to their business addresses rather than to their residences, as purportedly required by Neb. Rev. Stat. § 25-508.01. That statute, however, merely provides that "[a]n individual

party . . . may be served by personal, residence, or certified mail service." Neb. Rev. Stat. § 25-508.01(1) (West, WESTLAW through 2007 legislative session). Under Nebraska law, certified mail service is made by "sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery[.]" Neb. Rev. Stat. § 25-505.01(1)(c) (West, WESTLAW through 2007 legislative session). There is no requirement that the summons be mailed to a defendant's home address. While the defendants did not personally sign the certified mail receipts, there has been no showing that the individuals who signed the receipts were not authorized to accept the mailings on behalf of the defendants, or that the mailings were not forwarded to the defendants. Because it appears that the defendants received actual notice of the action, and there has been no showing that any defendant was prejudiced by the manner of service, I will deny the defendants' motion to dismiss filed pursuant to Rule 12(b)(2) and (5). *See, e.g., Centennial Molding, LLC v. Tote-A-Lube*, No. 8:05CV175, 2005 WL 2076509, *3-4 (D.Neb. Aug. 26, 2005) (certified mail service effective where defendant received actual notice of action).

Although not raised as an objection by the defendants, I note that Fisher is the only plaintiff who has served the defendants, either in their individual capacities or in their official capacities (by certified mail service sent to the office of the Nebraska Attorney General, as provided in Neb. Rev. Stat. 25-510.02(1)). Fisher, a non-attorney, was warned by the court early on that he is not permitted to represent the other plaintiffs. (Filing 6, at CM/ECF p. 1.) Because the defendants' motion did not raise this particular objection, I will not immediately dismiss Myrtle Humphrey and Michelle Gabara as parties plaintiff, but instead, pursuant to Federal Rule of Civil Procedure 4(m), will require them to complete service of process on the defendants within 30 days. Because these plaintiffs have not provided the court with their mailing addresses as required by Federal Rule of Civil Procedure 11(a), the clerk of the court will not be directed to send them summons forms. Humphrey and Gabara will need to contact the clerk of the court to request the forms, and to provide the

contact information required by Rule 11(a) (*i.e.*, mailing address, e-mail address, and telephone number). If Humphrey or Gabara do not provide this information to the court within 30 days, or do not serve summonses upon the defendants within 30 days, they may be dismissed from the action without further notice.

In support of their Rule 12(b)(6) motion, the defendants state, first of all, that they "are entitled to claim 'qualified immunity[,]'" and that "[b]ecause the Amended Complaint and Second Amended Complaint contain no allegation(s) that any of them engaged in conduct that they knew to constitute a violation of a well established constitutional right of any of the Plaintiffs, the Plaintiffs have failed to state a cause of action upon which relief can be granted." (Filing 42, at CM/ECF p. 13.) Secondly, they state that "[a]side from general accusations against all of the Defendants, Plaintiffs['] Second Amended Complaint makes no specific allegations of any activities on the part of Defendants McKenzie, Mahr and Houston, which would violate the rights of any of the Plaintiffs[.]" (Filing 42, at CM/ECF p. 14.) This is the full extent of the defendants' argument.

Qualified immunity is an affirmative defense, but, when raised, the plaintiff must demonstrate that the law was clearly established. *See Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007). However, the plaintiff is not required to plead and prove that the defendants had actual knowledge of the constitutional right. The issues to be considered by the court are "whether (i) [the plaintiff] has alleged the violation of a constitutional right by [the defendants] and (ii) that right was clearly established at the time such that a reasonable person would have known that his conduct violated the law." *Id.* Qualified immunity "will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). All of the complaint's factual allegations must be accepted as true and viewed in the light most favorable to the plaintiff. *See Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008); *Hafley*, 90 F.3d at 267.

Fisher alleges that he was to be discharged from prison on September 8, 2006, after serving his sentence for a 1993 conviction for sexual assault, but that the defendants caused him to be confined for an additional 30 days to determine that he was not a dangerous sex offender and then subjected him to lifetime community supervision which prevents him from living with his children, requires him to wear a GPS monitor, and places other restrictions upon his activities. Fisher claims that he has been denied due process because the defendants based their actions on a 2006 Nebraska law that has no application to him.

Fisher had a protected liberty interest in being free from wrongful, prolonged incarceration. *See Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004) (holding that jail officials were not entitled to qualified immunity for failing to release prisoner at the expiration of his sentence). It has also long been recognized that freedom of personal choice in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment. *See Moore v. City of East Cleveland*, 431 U.S. 494, 499 (1977). At this early stage of the proceeding, it has not been established that the defendants are entitled to qualified immunity. Also, there is no heightened pleading requirement in § 1983 suits against individuals. *See Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).

IT IS ORDERED that:

1. The defendants' motion to dismiss or to strike (filing 41) is granted in part and denied in part, as follows:

   a. All claims for money damages alleged against the defendants in their official capacities in the second amended complaint are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

   b. In all other respects, the defendants' motion is denied.

2. Plaintiff James L. Fisher's motion for default judgment (filing 43) is denied.

3. Plaintiffs Myrtle Humphrey and Michelle Gabara shall be required to complete service of process on the defendants and to provide the clerk of the court with their current mailing addresses, e-mail addresses, and telephone numbers on or before September 8, 2008. If these plaintiffs fail to comply with this order, they may be dismissed from the action without further notice.

4. The clerk of the court is directed to establish a pro se case management deadline in this matter using the following text: "September 8, 2008: deadline for plaintiffs Humphrey and Gabara to complete service and to provide contact information."

August 8, 2008.                    BY THE COURT:

                                           *s/Richard G. Kopf*
                                           United States District Judge