IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. FISHER, | ) | Case No. 8:07CV378 |
| MYRTLE HUMPHREY, and | ) | |
| MICHELLE GABARA, | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| TOVEY GOYNES, | ) | |
| JAMES W. McKENZIE, | ) | |
| ROBERT P. HOUSTON, and | ) | |
| RYAN MAHR, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' motion to dismiss all claims alleged by Myrtle Humphrey and Michelle Gabara in the plaintiffs' second amended complaint. The defendants argue that Humphrey and Gabara do not have standing to bring a § 1983 action because only James Fisher's constitutional rights are alleged to have been violated. Even though the plaintiffs have failed to respond to the motion to dismiss, the court finds that it should be denied.

Fisher claims that he has been wrongfully subjected to lifetime community supervision under Neb. Rev. Stat. § 83-174.03 for a sexual assault conviction that predated such statute. Gabara is the mother of a young child that Fisher fathered while still a prisoner. She complains of interference with the family relationship because Fisher is prevented from residing with or having other contact with her and the child.[1] Humphrey is Fisher's sister. He has lived with her since being released

---

[1] It is alleged in the original complaint that "Gabara is the mother of [Fisher's child], and she has been deprived of the consortium and companionship of Plaintiff Fisher, as well as the financial and moral support, because defendants have prevented

from prison. Humphrey complains that the defendant Tovey Goynes unlawfully entered her residence and searched her computer while supervising Fisher.[2]

Liberally construed, the second amended complaint alleges actionable § 1983 claims on the part of Humphrey and Gabara. Accordingly,

IT IS ORDERED that the defendants' motion to dismiss (filing 69) is denied.

December 16, 2008.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge

---

Fisher from having any contact with her." (Filing 1, p. 6, ¶ 43.) It is alleged in the second amended complaint that "Plaintiff Guabara, Michelles rights have been violated by Defendant's Goynes McKenzie by depriving Plaintiff Fisher to reside with them and assist in family functions which deprive him from seeing and being around his children. . . . Plaintiff Fisher and Guabaras rights to Associate and be a family have been deprived him and his children from the love and affection of their father for over a year." (Filing 20, pp. 5, 6.)

[2] It is alleged in the original complaint that "[o]n or about March 10, 2007, defendant Goynes visited Fisher at his residence where he lives with his sister, Plaintiff Humphrey. While there, Goynes threatened Humphrey that he could come in there any time he got ready and turn the place upside-down. He threatened to seize and confiscate her computer. He done this while in his full parole outfit, as a show of force and intimidation." (Filing 1, p. 5, ¶ 30.) It is alleged in the second amended complaint that "Defendant Goynes demanded to search Plaintiffs computer even though Plaintiffs crime did not have anything to do with a computer related crime and is stipulated in the Conditions sheet. Thus violating both Plaintiff Fisher and Humphreys Civil and Constitutional rights to be free from unwarranted searches and seizer of their State and Federal Constitutional rights." (Filing 20, p. 5.)